### Ex parte FUDERA.

(Circuit Court, S. D. New York. June 24, 1908.)

1. EXTRADITION — PROCEEDINGS FOR EXTRADITION TO FOREIGN COUNTRY — EVIDENCE.

    For the purposes of extradition, one who, in his absence, has been convicted in contumaciam of a criminal offense in a foreign country, is to be regarded only as charged with, and not as convicted of, the offense.

2. SAME—SUFFICIENCY OF EVIDENCE UNDER TREATY WITH ITALY—HEARSAY.

    Article 1 of the extradition treaty of 1868 between the Kingdom of Italy and the United States (Act March 23, 1868, 15 Stat. 629), which provides for extradition from one country to the other of persons charged with crime in the demanding country, "provided that this shall be done only upon such evidence of criminality as according to the laws of the place where the fugitive or person so charged shall be found would justify his or her apprehension and commitment for trial if the crime had been there committed," does not warrant the return to Italy of a person there charged with murder, where the only evidence presented of his connection with the offense is hearsay.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Extradition, § 16.]

Habeas Corpus.

Marx, Houghton & Byrne, for petitioner.
Gino G. Speranzo, for demanding government.

WARD, Circuit Judge. This is a petition of Vincenzo Fudera, in the custody of the United States marshal for the Southern District of New York, under the application of the Italian Ambassador for the extradition of one Girolamo Asaro on the charge of murder, to be discharged under a writ of habeas corpus. The papers sent forward by the Italian government show that on October 4, 1896, Giuseppe Costa of Castellammare del Golfo was murdered. July 12, 1898 a warrant of arrest was issued in Italy for the apprehension of Girolamo Asaro, "charged with participating in intentional premeditated homicide in that with the intent of killing and with premeditation he, together with others, directed one Buccellato Martino, since dead, to murderously shoot on the night of October 4, 1896, in Bada street (territory of Castellammare), one Giuseppe Costa, thereby killing him instantly." December 3, 1898, Girolamo Asaro was convicted in his absence in contumaciam of having contributed to the murder of Costa by directing one Buccellato Martino to commit the unlawful act, and sentenced to life imprisonment.

Article 1 of the extradition treaty of 1868 between the United States and the Kingdom of Italy (Act March 23, 1868, 15 Stat. 629) provides that each party shall deliver up to the other "persons who, having been convicted of or charged with the crimes specified in the following article (of which murder is one) committed within the jurisdiction

of one of the contracting parties, shall seek an asylum or be found within the territories of the other, provided that this shall be done only upon such evidence of criminality as according to the laws of the place where the fugitive or person so charged shall be found would justify his or her apprehension and commitment for trial if the crime had been there committed." One who has been convicted in contumaciam in foreign countries is to be regarded not as convicted of, but only charged with, the offense. Moore on Extradition, art. 102.

The petitioner contends that no evidence has been offered, as required by the treaty, which would justify a magistrate of this country in committing Girolamo Asaro for trial if the crime had been committed here. The only testimony on the subject is that of a policeman and of certain Royal Carbineers as to the result of investigations carried on by them in respect to the murder of Costa, expressed in the following language:

"We have found that the fugitive, Asaro Girolamo of Mariano, 38 years old, Buccellato Martino of Civanni, 20 years old, and the landowner, Ingaglia Stefano of Giuseppe, 26 years old, all of Castellammare, met a few days before committing the crime, in the store of Ingaglia, which is situated on Busuri street, and then and there decided to rid themselves of Costa Giuseppe, as they considered him friendly to the police force, members of which often met at his house near the mill in Baria street. They drew lots, and it fell to Buccellato Martino to put the decision into effect."

This is the sole evidence of Asaro's connection with the murder committed by Buccellato Martino, and it is pure hearsay, upon which he could not have been committed for trial in this country if the murder had been committed here.

Without considering any other question raised, I think the petitioner is entitled, according to the express provision of the treaty, to be discharged; but to give an opportunity to the demanding government to appeal from this decision, if it be so disposed, an order may be entered providing that he be enlarged upon recognizance with surety for appearance to answer the judgment of the appellate court, provided an appeal be taken within 10 days from the entry of the order.