**Rudy Lee SUTHERLAND, Petitioner,**

v.

**Monroe LOVE, Sheriff of Pulaski County, Arkansas, Respondent.**

**No. LR–72–C–266.**

United States District Court,
E. D. Arkansas, W. D.

June 21, 1973.

984

Glenn F. Walther, Little Rock, Ark., for petitioner.

Lee Munson, Pros. Atty., and Jimmy D. Patton, Asst. Pros. Atty., Pulaski County, Little Rock, Ark., for respondent.

## MEMORANDUM OPINION

HENLEY, Chief Judge.

In this habeas corpus action Rudy Lee Sutherland seeks to avoid extradition to the State of California in which State he was convicted of a felony in 1969. In 1972 he was arrested in Pulaski County, Arkansas, by the Sheriff of that County, pursuant to an extradition warrant issued by the Governor of Arkansas pursuant to a requisition signed by the Governor of California.[1] Respondent Sheriff takes the position that petitioner is not entitled to relief, and that his petition should be dismissed. Petitioner was admitted to bail in connection with a habeas corpus proceeding instituted by him in the Circuit Court of Pulaski County following his arrest, which proceeding will be referred to again, and he has remained at liberty on bail during the pendency of this proceeding.

The facts of the case appear to be essentially undisputed.

Petitioner was charged by information in the Superior Court of Orange County, California, with having violated Section 484–487 of the California Penal Code.[2] In December 1969 petitioner was convicted and appeared before the Court for sentencing on March 13, 1970, at which time he was represented by counsel.

The Superior Court placed petitioner on probation for three years, but the probation was conditioned upon petitioner's serving nine months in jail. There were also a number of other conditions, one of which was that after his release from jail he was not to leave the State without permission.

Petitioner immediately appealed the conviction, and posted an appeal bond in

1. The record does not contain a copy of either the requisition or the warrant. However, the Court will assume that both of the documents were regular in form and facially valid.

2. Counsel for petitioner has advised the Court that the California charge against petitioner was "grand theft" growing out of a life insurance transaction.

the sum of $6,250 and remained at liberty pending determination of the appeal, Very shortly thereafter petitioner returned to Arkansas which seems to have been his original home and has remained here since then. He may or may not have had the permission or the qualified permission of probation authorities in California to leave the State. The Court notes, however, that petitioner's appeal bond did not restrict petitioner's movements, and he, of course, was appealing the entire judgment of the Superior Court.

On April 21, 1970, a Deputy Probation Officer of Orange County filed in the Superior Court a petition for the issuance of a warrant of arrest for petitioner as a probation violator. It was alleged that on March 16, 1970, petitioner had violated his probation by failing to report to the Probation Department for indoctrination and application for transfer through the Interstate Compact Agreement, and by failing to sign and return to the Probation Department copies of the Interstate Compact "Agreement To Return" received by him through certified mail on April 1, 1970, thereby preventing the transfer of his supervision pursuant to the Interstate Compact. The prayer was that petitioner's probation be revoked, and that a warrant be issued for his arrest so that he might be brought before the Court to be dealt with as provided by law.

On April 28, 1970, the Superior Court Judge entered an order revoking the probation and directing that a warrant for petitioner's arrest be issued. This proceeding appears to have been without any prior notice to either petitioner or his attorney, and there seems to have been no hearing on the petition for revocation.

Between 1970 and 1972 California made two efforts to extradite petitioner but was unsuccessful due to the pendency of the appeal from his original conviction. At length on March 13, 1972, the Attorney General of California filed a motion to dismiss the appeal in the California Court of Appeals on the

ground that petitioner had violated his probation. That motion was granted on the same day. Here again there seems to have been no notice to petitioner or to his attorney that the State of California was moving to dismiss the appeal.

With the appeal dismissed, California made its third effort to extradite petitioner, and this time the Governor of Arkansas honored the request and issued his warrant upon which petitioner was arrested by respondent.

Petitioner promptly filed a petition for a writ of habeas corpus in the Circuit Court of Pulaski County, and a hearing on the petition was held on November 14, 1972. While the record in this case does not contain a copy of the petition filed in the Circuit Court it is inferable that petitioner alleged in that Court as here that it would be violative of federally protected rights to extradite him to California in the circumstances that have been outlined.

Judging from an order entered by the Circuit Court and from certain other materials, it appears that the Circuit Judge was of the view that he could not look beyond the face of the extradition warrant, and that the proceedings should be held in abeyance in order to permit petitioner to apply to this Court for relief, as he did on November 28, 1972. Thereafter, the Circuit Court on January 2, 1973, dismissed the petition filed in the Circuit Court. That procedure appears to have been satisfactory to petitioner since he made no effort to appeal from that order to the Supreme Court of Arkansas as he might have done.

The petition in this Court alleges, among other things:

"... That the Petitioner is faced on the one hand with being extradited to the State of California to comply with the Order of Probation entered at the time of his conviction to begin compliance with such Order, including the nine (9) months confinement in the County Jail, and other restrictive requirements of the Proba-

tion Order even though he filed his Notice of Appeal and made the Bond required by the Court, and being denied on the other hand his right of Appeal in an attempt to upset the judgment of the lower court, which Appeal has been dismissed because of his failure to comply with the Probation Order. That in consequence of the aforesaid the Petitioner is unlawfully restrained of his liberty in violation of the Fifth Amendment and the Fourteenth Amendment to the Constitution of the United States. . . ."

■ The Court is confronted at the outset with the question of whether petitioner has exhausted State remedies as required by 28 U.S.C.A., section 2254, which statute is applicable to extradition proceedings. See Dye v. Johnson, 1949, 338 U.S. 864, 70 S.Ct. 146, 94 L.Ed. 530; Giles v. Merrill, 10 Cir., 1963, 322 F.2d 786; Tickle v. Summers, 4 Cir., 1959, 270 F.2d 848; Davis v. O'Connell, 8 Cir., 1951, 185 F.2d 513.

■ This aspect of the case has troubled the Court to some extent since it is well established that federal subject matter jurisdiction cannot be conferred by consent, and it is also well settled that available State remedies cannot be by-passed deliberately for the purpose of obtaining a federal forum for the litigation of federal questions which a State court has jurisdiction to determine. Warden v. Hayden, 1967, 387 U.S. 294, 297, f. n. 3, 87 S.Ct. 1642, 18 L.Ed.2d 782; Fay v. Noia, 1963, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed.2d 837; Frazier v. Roberts, 8 Cir., 1971, 441 F.2d 1224, 1229–1230.

■ The Court considers that the Circuit Court had as much jurisdiction as this Court possesses to pass upon the claim of petitioner, and that technically he has perhaps not exhausted State remedies. However, the Court is not willing to say that petitioner and his attorney have deliberately by-passed the State

courts, and in the exercise of the discretion available to it in the application of section 2254,[3] the Court has concluded not to dispose of the case by reference to that statute.

Assuming that the Circuit Court would entertain another petition submitted by Sutherland, the prosecution of it might entail an appeal to the Supreme Court of Arkansas which would perhaps be followed by a return to this Court with the possibility of an appeal to the Court of Appeals and beyond. And in any event the prosecution of the petition at this point in time would involve unreasonable and unwarranted delay in passing upon the question of whether petitioner should be returned to California, a question in which that State has a substantial interest which should not be overlooked.

The Court is strengthened in its view of the exhaustion provision by its ultimate conclusion that the courts of Arkansas, whether State or federal, should not undertake to pass on the claim advanced by petitioner.

■ It seems to the Court that the thrust of petitioner's claim is against the actions taken with respect to him in California after he left that State and came to Arkansas. His position is that the California authorities improperly revoked his probation, and then used the illegal revocation to secure the dismissal of his appeal from his original conviction, and that the overall process has deprived him or will deprive him of his liberty without due process of law.

That claim may or may not have merit, depending in large measure on the extent to which as a matter of California law the pendency of petitioner's appeal and his release on bail pending appeal relieved him at least temporarily of the restrictive provisions of the judgment of the Superior Court, including the prohibition against his leaving California without permission. The Court

3. See Wilwording v. Swenson, 1971, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418; Barry v. Sigler, 8 Cir., 1967, 373 F.2d 835; Frazier v. Roberts, E.D.Ark., 310 F.Supp. 504, rev'd on other grounds, Frazier v. Roberts, supra, 441 F.2d 1224.

is convinced that the claim should be litigated in California and not here.

■ If petitioner is returned to California, he will doubtless be brought before the Superior Court of Orange County pursuant to the warrant issued originally by that Court. Petitioner will then be in a position to urge his constitutional contentions and to appeal if necessary from an adverse ruling. If he gets no relief from the California courts, he can apply for habeas corpus to a federal court in California. And that is the route that he must follow. It is well established that a person who has been arrested in an asylum State and ordered extradited to a demanding State cannot question by means of a habeas corpus proceeding in the former State the validity of his confinement or of the proceedings taken or to be taken against him in the latter State. Sweeney v. Woodall, 1952, 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114; Dye v. Johnson, supra; Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Watson v. Montgomery, 5 Cir., 1970, 431 F.2d 1083; Arizona v. Hunt, 6 Cir., 1969, 408 F.2d 1086; Woods v. Cronvich, 5 Cir., 1968, 396 F.2d 142; Brown v. Fogel, 4 Cir., 1967, 387 F.2d 692; United States v. Flood, 2 Cir., 1967, 374 F.2d 554; United States v. Donovan, 2 Cir., 1963, 321 F.2d 114; Malory v. McGettrick, 6 Cir., 1963, 318 F.2d 816; Lathan v. Reid, 1960, 108 U.S.App.D.C. 58, 280 F.2d 66; Gallina v. Fraser, 2 Cir., 1960, 278 F.2d 77; Johnson v. Matthews, 1950, 86 U.S.App.D.C. 376, 182 F.2d 677.

Arizona v. Hunt, supra, is particularly instructive as far as this case is concerned. In that case petitioner, Hunt, was convicted of a felony in Arizona, but was granted a new trial. Before that trial could be had she voluntarily left Arizona and went to Michigan. She refused to return, and Arizona commenced extradition proceedings against her, and the Governor of Michigan ordered her extradited. In the meantime she had been tried in absentia in Arizona as provided by a statute of that State and had been found guilty. She brought a habeas corpus action in federal court in Michigan asserting the alleged unconstitutionality of the proceedings against her in Arizona. Arizona was permitted to intervene in the case. The District Court granted relief, In re Hunt, E.D. Mich., 1967, 276 F.Supp. 112. There was an appeal, and the decision of the District Court was reversed, the holding being that the constitutional claims in question would have to be litigated in Arizona and not in Michigan.

An order dismissing the petition with prejudice will be entered.