**Gerald MARKHAM, a/k/a J. D. Markham, Petitioner Appellant,**

v.

**Peter J. PITCHESS, Sheriff of Los Angeles County, and Kenneth C. Keller Counsel General of Canada, Respondents Appellees.**

No. 79–2543.

United States Court of Appeals, Ninth Circuit.

Aug. 7, 1979.

Rehearing Denied Oct. 9, 1979.

Michaeline Abate Re, Nasatir, Sherman & Hirsch, Los Angeles, Cal., for petitioner-appellant.

Wilfred A. Hearn, Asst. U. S. Atty., Los Angeles, Cal., for respondents-appellees.

Before CHAMBERS, TANG, Circuit Judges, and TURRENTINE,* District Judge.

TURRENTINE, District Judge.

In 1975, petitioner Markham was arrested in Canada and charged with importation of hashish oil. Prior to trial, petitioner fled to the United States. While stopped for a traffic violation in California during 1978,

---

* The Honorable Howard B. Turrentine, United States District Judge for the Southern District of California, sitting by designation.

the existence of a Canadian arrest warrant was discovered and extradition procedures were instituted. Markham sought habeas corpus relief pursuant to Title 28 of the United States Code, section 2241, contending that marijuana trafficking was not an extraditable offense within the meaning of the applicable treaty. Markham now appeals denial of habeas corpus relief.

The Webster-Ashburton Treaty of August 9, 1842, 8 Stat. 572 (1872), *as amended*, 44 Stat. 2100 (1925), between the United States and Canada, provides for the extradition of persons committing "[c]rimes and offenses against the laws for the suppression of a traffic in narcotics." In 1971 the Treaty was amended to specifically include, in the annexed schedule, marijuana-related crimes, 27 U.S.T. 983, 998,[1] and the amendment became effective in 1976.

Markham argues that this new provision, because effected after the alleged crime, should not apply. However, extradition in Markham's case began in 1978, well after the effective date of the amendment. This circuit has focused on the date of extradition demand to determine what treaty to apply, rather than the date of the crime's commission. *Cleugh v. Strakosch*, 109 F.2d 330, 335 (9th Cir. 1940).[2] In *Galanis v. Pallanck*, 568 F.2d 234, 239 (2d Cir. 1977), the Court of Appeals for the Second Circuit criticized this approach, and relied instead on the date extradition proceedings actually commenced.[3] Regardless of which view is adopted, it appears that the date of the crime's commission, albeit before the effective date of the newly-amended Treaty, is irrelevant. Because both the Canadian extradition demand and proceedings followed the new Treaty, the amendment applies.

Markham further argues that the newly-amended Treaty, by its own terms, is supplanted by the original 1842 Treaty provisions. The general rule is that "extradition treaties, unless they contain a *clause to the contrary*, cover offenses committed prior to their conclusion." *Gallina v. Fraser*, 177 F.Supp. 856, 864 (D.Conn.1959) aff'd., 278 F.2d 77 (2d Cir.), *cert. denied* 364 U.S. 851, 81 S.Ct. 97, 5 L.Ed.2d 74 (1960) (emphasis added). The 1976 newly-amended Treaty does contain a "clause to the contrary" (Article 18), but this clause is inapplicable to the facts in Markham's case. Article 18 provides:

(2) This Treaty shall terminate and replace any extradition agreements and provisions on extradition in any other agreement in force between the United States and Canada; *except* that the *crimes listed* in such agreements *and committed prior to entry into force* of this Treaty shall be subject to extradition pursuant to the provisions of such agreements. 27 U.S.T. 993, 995 (1976) (emphasis added).

Petitioner relies on this language for the sweeping proposition that the amendment is inapplicable to all crimes committed prior to 1976. However, Article 18 clearly dictates that the 1842 Treaty provisions must apply *only* to crimes which were (1) listed in or covered by that earlier Treaty, and (2) committed prior to 1976. In the instant case, only the requirement that the crime be committed prior to the date of the newly-amended Treaty has been satisfied. Therefore, because marijuana trafficking is not listed in the original 1842 Treaty, application of the newly-amended Treaty is not barred.

---

**1.** Item number 26 of the Schedule to the Amended Treaty includes "[o]ffenses against the laws relating to the traffic in, production, manufacture, or importation of narcotic drugs, *Cannabis Sativa L.* hallucinogenic drugs, amphetamines, barbiturates, cocaine and its derivatives." 27 U.S.T. 983, 988 (emphasis added).

**2.** Thus it was held that when an extradition demand followed the effective date of a treaty, "[i]t [was] immaterial . . . that two of the nineteen crimes for which appellee's extradi-

tion [was] sought were committed before [the new treaty was in force.]." 109 F.2d 330, 335.

**3.** In *Galanis*, both the crime's commission and the Canadian extradition demand came before the effective date of the amended Treaty. Nonetheless, the appellate court concluded that the fact that actual extradition proceedings began after the amendment was one reason for applying the new provisions.

Having concluded that the 1976 amendment to the Webster-Ashburton Treaty does apply, it becomes unnecessary to consider whether, as Markham suggests, extradition would be improper under the original Treaty provisions. The Court has also reviewed petitioner's claims that his extradition would violate the Sixth Amendment right to a speedy trial, and the constitutional protection against discriminatory prosecutions, and finds these contentions lacking in merit.

For the foregoing reasons we affirm the District Court's denial of Markham's petition for relief under Title 28 of the United States Code, section 2241.